IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

YOLANDE PIERRE LOUIS,

     Plaintiff,

vs.

PONDELLA ROAD OPCO, LLC
d/b/a ASPIRE AT FORT MYERS and
ASPIRE HEALTH GROUP FL, LLC,

     Defendant.

Case No.:

## COMPLAINT

Plaintiff, YOLANDE PIERRE LOUIS ("Pierre Louis" or "Plaintiff") sues Defendants, PONDELLA ROAD OPCO, LLC d/b/a ASPIRE AT FORT MYERS and ASPIRE HEALTH GROUP FL, LLC (collectively "Aspire" or "Defendants"), and alleges:

## NATURE OF CLAIMS

1.    This is an action under the Family Medical Leave Act of 1993, 29 U.S.C. § 2601, et seq., (FMLA).

## JURISDICTION AND VENUE

2.    This action arises under the Family Medical Leave Act (FMLA), 29 U.S.C. § 2617.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

3.    Plaintiff is a resident and citizen of Lee County, Florida.

4.    Defendant PONDELLA ROAD OPCO, LLC d/b/a ASPIRE AT FORT MYERS is a Florida limited liability company, with its principal place of business located at 991 Pondella Road, North Fort Myers, Florida 33903.

5.    Defendant ASPIRE HEALTH GROUP FL, LLC is a foreign limited liability company that conducts business across Florida, with its principal place of business located at 338 Whitesville Road, Jackson Township, New Jersey 08527.

6.    The actions giving rise to this Complaint occurred in Lee County, Florida. Defendants employed Plaintiff in Lee County. The wrongful acts alleged herein, including Plaintiff's termination and the interference with Plaintiff's FMLA rights, occurred in the Middle District of Florida, Lee County.

7.    Venue is proper in the Middle District of Florida, Fort Myers Division.

**<u>JOINT EMPLOYER AND SINGLE ENTERPRISE</u>**

8.    Although separate entities, Defendants operated as a single, integrated enterprise and joint employer for FMLA purposes.

9.    Defendant ASPIRE HEALTH GROUP FL, LLC exercised authority over Defendant PONDELLA ROAD OPCO, LLC d/b/a ASPIRE AT FORT MYERS operations, including control of payroll, benefits, employment policies, and personnel decisions, including the handling of employee leave and discipline.

10.    Defendants share common ownership and maintain interrelated operations, including shared administrative services, financial control, and reporting

structures control of payroll, benefits, employment policies, and personnel decisions, including the handling of employee leave and discipline.

11.    By reason of these relationships and the level of control exercised by ASPIRE HEALTH GROUP FL, LLC over PONDELLA ROAD OPCO, LLC d/b/a ASPIRE AT FORT MYERS, both Defendants operated as Plaintiff's employer within the meaning of the FMLA and are jointly and severally liable for the violations alleged herein.

## FMLA COVERAGE AND ELIGIBILITY

12.    At all times material, Defendants were engaged in commerce or in an industry or activity affecting commerce and employed 50 or more employees for each working day during each of the 20 or more calendar workweeks in the then current or preceding calendar year.

13.    At times material, Plaintiff was employed at a work site or location where Defendants employed 50 or more employees within a 75-mile radius.

14.    At all times material, Plaintiff was an employee eligible for FMLA leave because she was employed at least 12 months and worked at least 1250 hours during the 12-month period immediately preceding her FMLA leave request.

## STATEMENT OF FACTS

15.    Plaintiff was employed by Defendants for approximately twenty-five (25) years.

16.    For the last three (3) years of her employment, Plaintiff was employed as a Staffing Coordinator.

17.    Plaintiff held the Staffing Coordinator position until her return from FMLA.

3

18. In September 2024, Plaintiff sustained an ankle fracture and went on FMLA-protected medical leave to pursue treatment and recover from her injury.

19. Plaintiff returned to work on or around December 9, 2024.

20. Upon her return, Defendants imposed new job requirements that were materially different from her previous duties, including taking a work phone home to respond to after-hours emergencies, completing job checklists to track productivity, and hand-delivering schedules while Plaintiff was still required to wear a medical boot.

21. Plaintiff complied with all new directives and was never reprimanded or disciplined for poor performance.

22. On or about January 3, 2025, less than one month after her return, Plaintiff was told that effective immediately she was being replaced as the Staffing Coordinator.

23. She was offered a demotion to either Restorative Nurse or working on the floor as a Certified Nursing Assistant.

24. Plaintiff advised that she could not perform the physical Restorative Nurse duties because she was still in a medical boot recovering from her ankle injury.

25. Defendants required Plaintiff to sign a document stating she declined the demotion for medical reasons.

26. Plaintiff was then instructed to leave the premises immediately.

27. On or about January 8, 2025, Defendant's Human Resources department contacted Plaintiff and requested that she return to work.

28.    However, when Plaintiff reported back to the workplace, she was told the company would not be changing its decision about the Staffing Coordinator position.

29.    Despite her attempts, Plaintiff has not been allowed to return to work since January 3, 2025, and has been effectively terminated.

**COUNT I**
**Family Medical Leave Act**
**(Interference with Plaintiff's Exercise of FMLA Rights)**

30.    Plaintiff realleges and incorporates allegations 1–29.

31.    Plaintiff qualified for FMLA leave because she had a "serious health condition" under 29 U.S.C. § 2611(11) and 29 U.S.C. § 2612(a)(1)(D). Specifically, Plaintiff had an injury, impairment and physical condition that required inpatient care in a hospital and continuing treatment by a healthcare provider.

32.    Defendants were given notice of Plaintiff's need for FMLA leave due to a serious health condition.

33.    Defendants interfered with Plaintiff's FMLA rights under 29 U.S.C. § 2615(a)(1) by changing Plaintiff's duties, failing to restore Plaintiff to the same or equivalent position upon return, and terminating Plaintiff for exercising her FMLA rights.

34.    As a result of Defendant's actions, Plaintiff has suffered damages and seeks to recover lost wages, benefits, interest, liquidated damages and attorney's fees and costs, and such other relief as is allowed under the FMLA and authorized by the Court.

## COUNT II
## Family Medical Leave Act
### (FMLA Retaliation/Discrimination)

35.    Plaintiff realleges and incorporates allegations 1-29.

36.    Plaintiff engaged in protected activity under the FMLA when she requested leave for a qualifying serious health condition under the FMLA.

37.    Plaintiff suffered an adverse employment action (demotion/termination) proximally to her taking FMLA leave.

38.    Plaintiff's demotion/termination was causally connected to her FMLA protected leave.

39.    Defendant's retaliation/discrimination was willful; furthermore, Defendant's decision to terminate Plaintiff due to her availment of a right under the FMLA was objectively unreasonable per 29 U.S.C. §2617(a)(1)(A)(iii), which authorizes liquidated damages under such circumstances.

40.    As a result of Defendant's actions, Plaintiff has suffered damages and seeks to recover lost wages, benefits, interest, liquidated damages, attorney's fees and costs, and such other relief as is allowed under the FMLA and authorized by the Court.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues triable.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief under both Count I and Count II:

a. Lost back wages and benefits;

b. Front pay;

c. Interest;

d. Liquidated damages;

e. Attorney's fees and costs;

f. All such other relief as the Court deems proper.

Dated: November 11, 2025

Respectfully submitted,

/s/ Jason L. Gunter
Jason L. Gunter
Fla. Bar No. 0134694
Email: Jason@GunterFirm.com
Conor P. Foley
Fla. Bar No. 111977
Email: Conor@GunterFirm.com
Peter M. Jennings
Fla. Bar No. 1054512
Email: Peter@GunterFirm.com

**GUNTERFIRM**
2165 W. First St., #104
Fort Myers, FL 33901
Tel: 239.334.7017